UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOPE RIGHETTI, on behalf of herself and all similarly situated persons<br><br>    Plaintiff,<br><br>    v.<br><br>AUTHORITY TAX SERVICES, LLC,<br><br>    Defendant.<br>_____/ | No. C-14-0146 EMC<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>**(Docket No. 50)** |

Plaintiff Hope Righetti filed this action on January 10, 2014, alleging that Defendant Authority Tax Services violated the Telephone Consumer Protection Act (TCPA) by placing an automated call to her cellular telephone without consent. Docket No. 1 (Complaint). Righetti sought to represent herself and a putative class of other individuals who similarly received such "robocalls" from Defendant.

Defendant's counsel withdrew from its representation of Authority Tax Services in September 2014. *See* Docket No. 46. Defendant never retained substitute counsel, and this Court subsequently entered default against Defendant on December 22, 2014. *Id.* Righetti was directed to file a motion for default judgment. *Id.* That motion is currently pending before the Court. Righetti asks for a judgment in her favor of $1,000 in damages and $4,290.70 in costs. *See* Docket No. 50. For the reasons explained below, the Court awards Righetti the full amount of her costs and $500 in statutory damages.

## I. **FACTUAL & PROCEDURAL BACKGROUND**

On December 16, 2013, Plaintiff Righetti received a call on her cellular telephone from an unknown caller with a (510) area code. Complaint at ¶ 16. "When Plaintiff answered the call, an artificial prerecorded voice informed her of a service offering tax debt relief for back taxes if Plaintiff owed more than $10,000 in back taxes. The artificial voice asked Plaintiff to leave her name and phone number and someone would call her [back]." *Id.* In an apparent effort to learn who was responsible for the prerecorded call, Plaintiff left her contact details. *Id.*

Soon after the "initial robotic call," Plaintiff received a second call from a (510) number. Complaint at ¶ 17. "The operator advised that the call was from Authority Tax Service," and asked "how much Plaintiff owed in back taxes." *Id.* "The Authority Tax Service operator [then] advised Plaintiff to hold so she could be transferred to a tax attorney at Authority Tax Service. Plaintiff declined to hold and terminated the call." *Id.* Plaintiff later "confirmed" that the number associated with the initial robocall "is from Authority Tax Service." *Id.* According to Righetti, she did not consent to Defendant's placement of an automated call to her cellular telephone. *Id.* at 21. In fact, Righetti "did not provide her cellular telephone number to Defendant at any time or in any way." *Id.* at 16.

Righetti filed a one count complaint on January 10, 2014, alleging that Authority Tax Service violated the TCPA by placing an unauthorized call to her cellular telephone without consent. *See generally* Complaint. She sought to recover statutory damages and obtain injunctive relief on behalf of herself and a class of other similarly situated individuals. *Id.* at ¶¶ 24-42.

Defendant answered Righetti's complaint on February 12, 2014. Docket No. 11. Later that month, Defendant also filed a motion to stay Righetti's action under the primary jurisdiction doctrine, arguing that the FCC was currently deciding whether the type of "predictive dialer" that Authority Tax apparently utilized is an "automatic telephone dialing system" as that term is defined under the TCPA. Docket No. 12. This Court denied Defendant's motion to stay without prejudice on April 11, 2014, and referred this action to Magistrate Judge Vadas for settlement purposes. Docket Nos. 20, 25. Before any settlement conference could take place, however, Defendant's

1    counsel filed a motion to withdraw, claiming that "the attorney-client relationship has broken down,
2    which renders it unreasonably difficult . . . to carry out the employment effectively." Docket No. 30
3    at 3. This Court granted the motion on September 15, 2014, and Righetti served a copy of this
4    Court's order on Defendant. Docket Nos. 42-43. No substitute counsel has appeared for Defendant,
5    and thus this Court entered default against Defendant on December 22, 2014. Docket No. 46.

6    Righetti filed the instant motion for default judgment on April 23, 2015. Docket No. 50. In
7    her motion, Rightetti seeks $1,000 in statutory damages under the TCPA "based on the fact that she
8    received two separate calls from Defendant." *Id.* at 3. She also seeks $4,290.70 in costs "which are
9    directly related to the prosecution of this action." *Id.*

## II. DISCUSSION

### A.  Adequacy of Service of Process

As a preliminary matter, the Court must first "assess the adequacy of the service of process on the party against whom default is requested." *Board of Trustees of the N. Cal. Sheet Metal Workers v. Peters*, No. 00-cv-0395, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001). Here, there can be no question that Defendant was adequately served with the complaint in this case--Defendant filed an answer and engaged in motions practice in this Court before its attorney withdrew. *See* Docket No. 11 (Answer); *see also* Docket No. 7 (Proof of Service of Summons). Righetti has similarly supplied adequate proof that the pending motion for default judgment was served on Defendant when it was filed on April 23, 2015. Docket No. 50-1. Accordingly, the Court concludes that service of process on Authority Tax was properly effectuated.

### B.  Merits of Motion for Default Judgment

As noted above, the Court entered default against Defendant on December 22, 2014. *See* Docket No. 46. After entry of default, a court may grant a default judgment on the merits of the case. *See* Fed. R. Civ. P. 55. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980). A court may consider the following factors in exercising such discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a

> dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Because default has already been entered in this case, the Court must construe as true all of "the factual allegations of the complaint, except those relating to the amount of damages." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

The Court finds that the *Eitel* factors weigh in favor of granting default judgment. For example, as to the first factor, if the motion for default judgment were to be denied, then Righetti would likely be prejudiced as she would be left without a remedy. *See Walters v. Shaw/Guehnemann Corp.*, No. 03-cv-04058, 2004 U.S. Dist. LEXIS 11992, at *7 (N.D.Cal. Apr. 15, 2004) ("To deny plaintiff's motion [for default judgment] would leave them without a remedy. Prejudice is also likely in light of the merits of their claims."); *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1177 (C.D.Cal.2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery."). Moreover, the Court notes that the TCPA expressly provides for the award of statutory damages, which further supports a finding that Plaintiff will be unfairly prejudiced (and Defendant's conduct will not appropriately be deterred) if default judgment is not entered.

Indeed, with respect to the fourth *Eitel* factor, the sum of money at stake in this action is particularly appropriate for resolution on default judgment because TCPA damages are specifically set by statute. *See Heidorn v. BDD Marketing & Management Co., LLC*, No. C-13-00229 JCS, 2013 WL 6571629, at *9 (N.D. Cal. Aug. 19, 2013) (finding that the availability of statutory damages under the TCPA "weighs in favor of entry of default judgment" under the fourth *Eitel* factor).

As for the fifth *Eitel* factor, Defendant filed an answer that denied Righetti's allegations. Docket No. 11. However, the sixth and seventh *Eitel* factors favor default judgment because there is no indication that Defendant's default was due to excusable neglect. And while public policy favors decisions on the merits, *Eitel*, 782 F.2d at 1472, Defendant's choice not to defend this action renders a decision on the merits "impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 11.

4

The only remaining factors that warrant additional analysis are the second and third *Eitel* factors – the merits of Righetti's substantive claims and the sufficiency of those claims. Here, both factors tilt in favor of Righetti, and an award of default judgment. The factual allegations in Righetti's complaint are detailed, including the specific telephone numbers Authority Tax apparently called her from, and the precise date she received these calls. *See* Complaint at ¶ 16. Rightetti also plainly states that the first call she received from Defendant "used an artificial or prerecorded voice" and was made without her consent using an "automatic telephone dialing system." Complaint at ¶¶ 16-21. Put simply, Righetti's complaint states a valid claim against Defendant for violating the TCPA. Thus, Righetti is entitled to default judgment.

C. <u>Damages and Other Relief.</u>

Because the Court concludes that default judgment is warranted, it must determine what damages or other relief is appropriate. Plaintiffs have the burden of "proving up" their damages or the need for other requested relief. *See Board of Trustees of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005) ("Plaintiff has the burden of proving damages through testimony or written affidavit."). In this particular case, the Plaintiff's burden to prove up the amount of damages is minimal because the TCPA provides for the award of statutory damages in the amount of $500 for each TCPA violation. *See Heidorn*, 2013 WL 6571629, at *15; *see also* 47 U.S.C. § 227(c)(5)(B) (permitting a plaintiff to "recover for actual monetary loss from [a TCPA] violation, or to receive up to $500 in damages for each such violation, whichever is greater"). If, as Righetti alleges, Defendant placed a robocall to her cellular telephone without consent or without otherwise complying with the TCPA, Defendant owes Righetti $500 as a matter of law.

Here, Righetti seeks a default judgment in the amount of $1,000 "based on the fact that she received two separate calls from Defendant." Docket No. 50. While Righetti's complaint alleges that the Defendants called her twice, the complaint does *not* allege that the second call was made in violation of the TCPA. Notably, Righetti alleges that the second call was not a robocall that employed an "artificial or prerecorded voice"; rather a live "operator" informed Righetti "that the call was from Authority Tax Service" and "ask[ed] how much Plaintiff owed in back taxes."

Complaint at ¶ 17. The "operator" then "advised Plaintiff to hold so she could be transferred to a tax attorney." *Id.* Nor did Righetti allege that this second call was placed "using any automatic telephone dialing system." *See* 47 U.S.C. § 227(b)(1)(A) (prohibiting the placement of certain calls that are either made "using any automatic telephone dialing system *or* an artificial or prerecorded voice") (emphasis added). Rather, Righetti's complaint very specifically alleges that only that the first call she received (*i.e.*, the robocall) was made "via an 'automatic telephone dialing system.'" Complaint at ¶ 18. Specifically, Righetti alleges that "the telephone contact by Defendant to Plaintiff on her cellular telephone from (510) 343-9916 occurred via an 'automatic telephone dialing system.'" *Id.* The (510) 343-9916 phone number is the number associated with the first call Righetti received with a prerecorded voice. *See id.* at ¶ 16. According to Righetti's complaint, the later call she received from the live operator came from a different number--(510) 964-3884. *Id.* at ¶ 17. There are no allegations that *this* call was placed using an automatic telephone dialing system. Thus, Righetti has not established that Defendant is liable under the TCPA for placing this second call to her cell phone.[1] Righetti is therefore entitled to $500 in statutory damages, rather than the $1,000 requested.

The Court will award Righetti the full amount of her litigation costs--$4,290.70. Righetti's counsel filed a declaration indicating that these costs were "directly related to the prosecution of this action," including charges for service of process, filing fees, and preparation of deposition transcripts. Docket No. 50-1. These costs are allowable under the Federal Rules. *See* Federal Rule of Civil Procedure 54(d)(1) (providing that "costs--other than attorneys' fees--should be allowed to the prevailing party").

///

///

---

[1] The Court further observes that Righetti alleges that she gave her name and phone number to Defendants before she received the second call. Complaint at ¶ 16. Thus, Defendant's second call to Righetti's cell phone was likely placed with Righetti's prior express consent, thereby defeating her TCPA claim in connection with this telephone call. *See* 47 U.S.C. § 227(b)(1)(A) (providing that a TCPA action will not lie where the challenged call is made "with the prior express consent of the called party").

6

### III. CONCLUSION

The Court **GRANTS** Righetti's motion for default judgment in the amount of $500, and costs in the amount of $4,290.70.

This order disposes of Docket No. 50. The Clerk is directed to close the case file.

IT IS SO ORDERED.

Dated: July 6, 2015

_____
EDWARD M. CHEN
United States District Judge

7